WES RIDDLE .V. THE STATE.

No. 13302. Delivered April 30, 1930.
Reported in 27 S. W. (2d) 797.

The opinion states the case.

*Jos. V. Frnka* of Columbus, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for three years.

Appellant drove to a rice field where Lewis F. Siebe, the injured party, was working. According to the testimony of the injured party, appellant jumped out of his automobile with a double barrel shotgun in his hand and said: "Where is Siebe? I am going to kill the s– of a b–." There were several men present at the time of this demonstration. The injured party testified that he "ducked back" of these men and hid; that appellant advanced upon him with the gun, saying: "Scatter boys. I am going to kill that s– of a b–."; that appellant was holding the shotgun in a horizontal position; that he slipped out from behind a man and grabbed the gun; that appellant pointed the gun directly at him; that appellant struck at him when he grabbed the gun, but that he warded the blow off; that some of the parties interfered and took the gun away from appellant; that it was loaded with No. 9 buckshot; that both barrels were cocked. Some of the other persons present gave testimony corroborating the version of the injured party. One of these witnesses was a deputy sheriff. Immediately after the assault appellant left the state and was thereafter arrested in New Mexico and brought to Colorado County. Appellant had theretofore been convicted of theft of sheep upon a plea of guilty. It appears that the injured party had been used by the state as a witness against appellant in the examining trial.

Appellant testified in his own behalf. His wife and sister, who were present when the assault was made, corroborated his version of the transaction. According to appellant's testimony, he drove to the rice field for the purpose of getting a coat he had left there. As he approached the men with whom the injured party was working the injured party ran, and appellant told him to stop and come to him; that the injured party walked several yards toward him and, upon reaching him, grabbed hold of his gun. He said that he did not intend to kill the injured party. He testified further that he and a friend had arranged to go hunting and that the friend had given him the shotgun to take to the place where they were to meet; that he did not go to the rice field for the purpose of having trouble with the injured party, but that he thought at the time, in view of previous trouble they had had, that the injured party meant to harm him; and that in order to avoid trouble he ordered the injured party to approach him.

The friend with whom appellant testified he intended to go on a hunt was used by the state as a witness. He declared that he had not asked appellant to take the gun to a meeting place, but that appellant had borrowed the gun from him. He said that appellant had endeavored to get him to testify to the contrary, that is, that he had asked appellant to take the gun to their meeting place.

We are unable to agree with appellant that the evidence is insufficient to support the conviction. We deem it unnecessary to discuss the question.

Appellant filed his first application for a continuance wherein he alleged that he was not ready for trial on account of the absence of one L. D. McCollum. As we view the matter, the diligence exercised by appellant to secure the presence of the witness was insufficient. The indictment was returned February 14, 1929. Appellant was arrested in the State of New Mexico in April, 1929, and returned to Colorado County during the same month. He waited until September 9, 1929, to make application for process for the witness. A subpoena for the witness was delivered to the sheriff on the 11th day of September, 1929, and returned on the 16th day of the same month with the statement that the witness could not be found. The trial was had on the 17th of September, 1929. No excuse for the delay in making application for process was offered. The burden was upon appellant to establish the exercise of diligence in support of his application.

While the injured party was on the witness stand he was asked by appellant's counsel if it was not a fact that one John Baxter had offered him a bribe to testify against appellant. The witness answered that Baxter had not offered him a bribe. When this testimony was given Baxter was in the court room and within eight or ten feet of the witness. He had not been on the list of witnesses for either side and had not been placed under the rule with the other witnesses. After the cross-examination of the injured party had been concluded the district attorney placed Baxter on the stand. Appellant objected to the use of the witness on the ground that he had not been under the rule and had been in the court room during the time the witnesses had been testifying. The objection was overruled and the witness denied that he had offered to bribe the injured party. The court qualifies the bill of exception with the statement that the district attorney stated to the court that he had no information in advance that appellant would offer to prove that Baxter had attempted to bribe the injured party. As qualified, we are of the opinion that the bill of exception fails to manifest error. In his Annotated Penal Code, Section 344, Mr. Branch states the rule as follows:

"A wide discretion is confided in the trial judge with regard to the application and the extent of the application of the 'rule' to the witnesses, and the exercise of this discretion will not be revised on appeal except in clear cases of abuse. The admissibility of witnesses who have violated the rule, or who have not been placed under the rule, is a matter addressed to the sound discretion of the court, and, until the contrary appears, it will be presumed on appeal that such discretion was properly exercised."

In the state of the record the presumption is indulged that the learned trial judge properly exercised the discretion confided in him.

An examination of appellant's contentions leads us to the conclusion that reversible error is not manifested.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.